JOHN BRUMME ET AL. v. THE STATE.

1. In an action brought for breach of a peace bond, the statutory rule provides that "no error of form shall vitiate such bond, and no error in the proceedings prior to the execution of the bond shall be available as a defense." (Pas. Dig., Art. 2551.)

2. It is error to render judgment final without the intervention of a jury, in
    an action upon a peace bond to recover the penalty.
3. The *breach* is a fact to be ascertained by the verdict of the jury.

ERROR from Galveston.  Tried below before the Hon.
C. B. Sabin.

The State of Texas instituted suit by the district attor-
ney of the Eighteenth Judicial District against the ap-
pellants, on a bond which was set out in the petition.

The bond discloses the fact that John Brumme, one of
the appellants, had been arrested on a charge of a breach
of an ordinance of "The City of Galveston," to-wit: "for
disturbing and provoking Mrs. Brumme; also assaulting
her in anger, using unlawful violence upon her person."
The petition and bond disclose the fact that Brumme
(appellant) was arrested under the ordinance of the city
of Galveston, and was arraigned and tried upon the charge
as preferred before the recorder of the city of Galves-
ton; that Brumme was convicted of having committed
a breach of said ordinance; and upon the trial before the
recorder it was ordered, amongst other things, as the
bond recites, "that whereas the said John Brumme is
this day convicted of a breach of an ordinance of the city
of Galveston, for disturbing," etc., as set out hereinbe-
fore, "and it appearing to the recorder of the city of
Galveston that said John Brumme will repeat said of-
fense; now, if the said John Brumme shall keep the
peace toward Mrs. Brumme, and towards all other per-
sons, for one year from the date hereof, then this bond
shall be null and void; otherwise to remain in full force
and effect."

The bond recites an obligation to the State of Texas for
five hundred dollars, conditioned as above stated.

The parties defendant—appellants to this court—were
all sued upon the bond and were duly served, and none
of the defendants answered.  After default day of the

term to which the petition was returnable, the State of Texas took a judgment by default, and the court rendered the following final judgment on said default:

"This day came the plaintiff by its attorney, and the said defendants, though duly served with process, having failed to appear and answer in this behalf, but wholly made default, wherefore it is considered by the court that the plaintiff ought to recover against the said defendants its damages sustained by occasion of the premises; and it appearing to the court that the cause of action is liquidated and proven by an instrument in writing, it is ordered that the clerk do assess the damages sustained by said plaintiff; and the said clerk, now here, having assessed the damages at the sum of five hundred dollars, with interest thereon from the seventh day of June, A. D. 1871, it is therefore considered by the court that the said plaintiff (The State of Texas) do have and recover of and from said defendants (naming them) the sum of five hundred dollars, with interest thereon at the rate of eight per cent. per annum from the seventh day of June, A. D. 1871."

*McLemore & Hume*, for plaintiffs in error.—1. The statute did not authorize the recorder or a magistrate, under a proceeding like this, to take or require a bond. The bond is not statutory, nor are its conditions such as the law requires to make is sufficient. (Pas. Dig., Arts. 2547 to 2555, inclusive.)

2. This judgment was taken by default, and the court erred in allowing the matter of damages to be referred to the clerk, because the only case in which the clerk of the court is allowed, under the statute, to assess the damages is where "the cause of action is liquidated and proved by an instrument in writing." (Paschal's Digest, Article 1508.) In this case unquestionably the cause of action

was not liquidated and evidenced by an instrument in writing.

The cause of action was the breach of the bond, coupled with the execution of the bond itself. The breach of the bond was certainly not established by any instrument in writing. The passage of time did not ripen the bond into a cause of action that could be established by the bond itself—the breach of the bond required to be established outside of the instrument of writing—and hence the reference to the clerk under the article referred to was not in pursuance of law; and if not in accordance with the statute, there is no authority upon which the clerk of a court can find any fact upon which the court is required to base its judgment, and therefore the judgment is erroneous, as is apparent of record.

Again: The statute upon which this reference was made to the clerk was enacted in reference to civil proceedings purely; and Article 2555, Paschal's Digest, page 481, being in reference to criminal procedure, reads as follows: "It shall only be necessary, in order to entitle the State to recover (on a bond taken in pursuance of the statute), to prove that the defendant did commit the offense which he bound himself not to commit, or failed to keep the peace according to his undertaking," which language, coupled with the fact that Article 1508, Paschal's Digest, is in reference to purely civil proceedings, requires the State to make out the case as directed in Article 2555, Paschal's Digest; and not under any circumstances to conclude the defendant by operation of his default, as provided for particular cases in Article 1508, Paschal's Digest.

Wherefore, under the second proposition, we insist that the judgment was erroneously rendered by the court, because the case did not come within the provisions of Article 1508, Paschal's Digest, even if it were purely civil,

and that because of Art. 2555, Paschal's Digest, it de-
volved upon the State to prove the breach of the bond as
therein required.

Taking the whole case together, we insist that the re-
corder of the city of Galveston took the bond—even if he
had acted as a justice of the peace—without the authority
of law ; that the bond does not contain the conditions or
recitals in it, as required by law, to make it sufficient ;
that the recorder did not in fact undertake the cause as a
justice of the peace ; and that he had no authority, under
the Constitution and the laws in pursuance of it, to take
or require any "peace bond" in favor of the State of
Texas.

The judgment of the court below was erroneous, even
if the foregoing propositions are not sound law, because
no default can be made to operate so as to give to the
clerk of the court the power to perform the duty of a
jury unless by the statute ; and not only does no such
statute exist, but one to the contrary in reference to cases
like the present is actually in existence.

*Wm. Alexander, Attorney-General,* for defendant in
error.—The court will be relieved from much trouble in
the investigation of this cause by observing the rule laid
down in Article 84, Code of Criminal Procedure (Pas.
Dig., Art. 2551), last clause : "No error of form shall vi-
tiate such bond, and no error in the proceedings prior to
the execution of the bond shall be available as a defense
in an action thereupon."

The same article prescribes what shall be a sufficient
bond, and the court will find on examination of the bond
that it is payable to the State of Texas, that it recites
plainly the nature of the accusation against the defend-
ant ("disturbing and provoking Mrs. Brumme, also as-
saulting her in anger, using unlawful violence upon her

person, and that it appears to the magistrate that defend-
ant will repeat the offense"), that it is for some certain
sum ($500), that it is signed by defendant and his sureties,
and that it is dated sixth of May, 1871, thus complying
fully with the requisitions of the law.

But shall appellants now be permitted to urge this ob-
jection? "He who was silent in the court below where
he ought to have spoken, and has thus permitted the op-
portunity of making his defense to pass by, ought not to
be first heard in this court." (31 Texas R., 124.)

In addition to the error assigned, an objection is taken
in the brief of counsel for appellants, that the court be-
low erred in allowing the matter of damages to be re-
ferred to the clerk instead of a jury. For full answer on
this point the court is respectfully referred to the case of
Niblett v. Shelton, 28 Texas R., 548.

Ogden, P. J.—There are but two assignments of error
in the records of this cause. One is in relation to the va-
lidity and sufficiency of the bond sued on; but we think
that Article 2551, Paschal's Digest, has settled all ques-
tions presented in this assignment. It provides that "no
error of form shall vitiate such a bond, and no error in
the proceedings prior to the execution of the bond shall
be available as a defense in an action thereupon."

The other assignment is that "the court erred in rend-
ering judgment in this case without the intervention of a
jury." This assignment is not so easily answered in fa-
vor of the judgment.

The judgment was rendered upon a conditional peace
bond, by default, without the intervention of a jury.
This bond was not a liquidated demand, and could not be
so considered until proof of a breach of its conditions.

There was no proof of the breach of the terms of the
bond, and until that proof is made—which is a question

of fact to be determined by a jury—there can be no legal forfeiture or judgment on the bond.

Article 2555, Paschal's Digest, provides that it shall only be necessary, in order to enable the State to recover, to prove "that the defendant did commit the offense which he bound himself not to commit, or failed to keep the peace according to his undertaking." This statute clearly requires that proof shall be made of a breach of the conditions of the bond before a judgment can be rendered thereon, and the breach is a question of fact to be found by the jury.

There was no jury impanneled in this case, and no proof of a breach of the conditions of the bond, and therefore the judgment by default is erroneous, and must be set aside.

We are invited to consider and decide the question of the constitutionality of the recorders' and mayors' courts in cities, but that question is not properly presented in this record, and we do not feel inclined to consider or attempt to determine so grave a question without due consideration in a case requiring its determination.

The judgment is reversed and the cause remanded.

REVERSED AND REMANDED.